LAW OFFICES OF ELDON L. BOISSEAU, L.L.C.

| | |
|---|---|
| River Park Place | Commerce Plaza |
| 727 N. Waco, Suite 265 | 7300 W. 110th, 7th Floor |
| Wichita, Kansas 67203 | Overland Park, KS 66210 |
| 316-613-2800  Fax:316-613-2801 | 913-383-8124  Fax: 913-383-8125 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **K R SMITH TRUCKING LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.: 08-CV-01351WEB-DWB |
| | ) | |
| **PACCAR Inc., and** | ) | |
| **PETERBILT MOTORS COMPANY,** | ) | |
| **a division of PACCAR Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN RESPONSE TO PACCAR, INC. AND PETERBILT MOTORS COMPANY'S MOTION TO DISMISS

COMES NOW the Plaintiff K R Smith Trucking LLC, by and thorough its

attorney of record, Eldon L. Boisseau of The Law Offices of Eldon L. Boisseau, L.L.C.,

and for its response to defendants' Motion to Dismiss states as follows:

## I.  INTRODUCTION

The plaintiff is well aware of the "economic loss doctrine" and how it has been

characterized and referred to in the cases.  The form of the plaintiff's Complaint takes

those factors into consideration and alleges the causes of action in the alternative

available to bring this suit.  The plaintiff would, of course, point out for the record, that

many items at issue need some discovery for finalization, specifically, defendants'

knowledge of the particular defect causing damages, and any attempts that were made to

warn and/or duty to warn. It is known that this incident is not the only such incident that has occurred to a Peterbilt tractor. However, it is unknown exactly when the first incident occurred, how often incidents have occurred, and what, if anything, the defendants have done concerning those incidents. These are all matters needing clarification in discovery.

## II. FACTUAL BACKGROUND

The Peterbilt tractor in question was the subject of an agreement dated March 28, 2005, made in the state of Washington. Western Pacific and Western Peterbilt are names appearing on various documents, and until discovery is completed, the exact relationship between the two parties is unknown, although it is believed they are essentially one and the same. Western Pacific Leasing, Inc. may simply be a leasing arm of Western Peterbilt, which is the name of the operation advertised openly to the public, and where the plaintiff went to purchase the tractor in question. But, until discovery is completed, plaintiff does not know the exact details concerning those particular parties. It does appear from the documentation provided, the tractor was leased with an option to purchase, and it was subsequently purchased. The plaintiff agrees it was not purchased directly from PACCAR and/or Peterbilt, but the tractor in question was built by Peterbilt Motors Company, a wholly owned subsidiary of PACCAR, Inc., and was marketed and advertised to the public as a Peterbilt tractor, and did bear that name on the tractor in question.

As alleged in the Complaint, on or about September 18, 2007 in Coffey County near Lebo, Kansas, the tractor in question suddenly and unexpectedly caught on fire and burned. The driver, K.R. Smith, was able to escape before it was consumed by smoke or

2

flames, but K.R. Smith was unable to salvage or save any portion of the tractor or contents therein.  This event occurred with no warning, and there certainly was no prior warnings, notices, alerts, or any advice from the named defendants of the possibility, probability, or past experience of such an event occurring.

The documents provided to plaintiff by defendants indicate the transactions concerning the purchase of the tractor in question occurred in Washington.  The fire consuming the tractor, the subject of the damages in this matter, occurred in Kansas.

### III. ARGUMENTS AND AUTHORITIES

Defendants PACCAR, Inc. and Peterbilt Motors Company (hereinafter "PACCAR/Peterbilt") essentially take the position the plaintiff is not entitled to maintain this action because:

> a.  Neither PACCAR nor Peterbilt were engaged in any deceptive act or practice;
>
> b.  Kansas law governs and precludes the plaintiff's Consumer Protection based claims based on the Washington Consumer Protection Act.

Plaintiff asserts that PACCAR and Peterbilt are incorrect on both points.

First, there is known history of similar events to the fire that consumed the tractor in question.  It is known that this event is not the first such event to have occurred to a Peterbilt tractor under the same or similar circumstances, and it is known to have occurred several times.  Certainly, no efforts are known to this plaintiff that defendants ever attempted to warn or advise the public, or this plaintiff of the defective condition of the subject tractor, nor the defective condition of any similar or same model tractors that have suffered the same or similar damage.  The plaintiff is entitled to discover those facts

to support the deceptive act or practice by PACCAR and Peterbilt.  Pursuant to the Washington Consumer Protection Act, privity of contract is not necessary with the manufacturer in these circumstances, and the consumer of the product in question is entitled to maintain a cause of action. *See Nobl Park, LLC of Vancouver v. Shell Oil Co.,* 122 Wash.App. 838, 95 P.3d 1265, August 10, 2004; *Carlile v. Harbour Homes, Inc.,* 194 P.3d, 280, October 30, 2008. *See also Sorrel v. Eagle Healthcare, Inc.,* 110 Wash.App. 290, 38 P.3d 1024 at 298, upon which the defendants rely, actually, and in fact, supports the plaintiff's position in this matter.  It is recognized that there are five elements to the Washington Consumer Protection Act which must be proved, however, there is no basis upon which to say those elements cannot be proved, nor is it a basis for dismissal at this stage of the proceedings.  The previously cited Washington cases, as well as the *Sorrel* case, indicate it is not necessary to have a direct statement by defendants PACCAR or Peterbilt, but rather by simply standing silent in the face of a defect and danger, as the one at issue, such as a tractor catching on fire while being driven down the highway, and failing to notify or warn the public concerning the same, could clearly be construed as defendants engaging in an "unfair or deceptive act or practice."

The second premise of defendants' Memorandum contends that Kansas law governs and precludes plaintiff consumer protection based claims.  It is respectfully submitted that the document presented by the defendants clearly shows the sales invoice was entered into in Seattle, Washington, as alleged in plaintiff's Complaint, and the place where the act of leasing and the subsequent purchase occurred.  The act the defendants want to focus on is unclear, other than apparently they contend it is a tort action, which

4

happened at the time of the fire occurring in Kansas. Clearly the fire did occur in Kansas, but the contract basis for the Consumer Protection Act and breach of warranty is one of the contract. Therefore this matter has to be construed as to where the contract was entered into, which was the state of Washington. The primary case on which the defendants rely is *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731, 1985, which is factually very distinguishable because an accident occurred in Kansas, and the plaintiffs were trying to premise tort liability concerning the accident on the basis of a dram shop law in Missouri, which Kansas had rejected. The plaintiffs in that case based their claim on where tort occurred, however, the Kansas Court rejected that argument. The plaintiff in this case is doing what the economic loss doctrine requires it to do, which is to plead in contract, and clearly the place where the contract was entered into applies, which is the state of Washington. The fire occurred in Kansas, which gives rise to jurisdiction, but the appropriate law to be followed is the situs of the contract, which is Washington. Under the *Ling v. Jan's Liquors* case all of the discussion and determination is premised on a tortuous act and how that should be interpreted, which is not the situation in the case before this Court.

One of the underlying issues raised by defense counsel regarding the plaintiff in this matter concerns how a consumer is defined by statute. The current working name for K.R. Smith is as cited in the Complaint. However, all of the documents indicate and all of the purchasing was done as a sole proprietor, i.e. as K.R. Smith. Perhaps at the conclusion of discovery, the L.L.C. in K.R. Smith Trucking needs to be amended or dropped. However, all documents, and in fact, the ones to which defendants refer to in

their Motion, are signed personally by K.R. Smith, and he runs his trucking business as a sole proprietorship.

## IV. STRICT LIABILITY

Defendants next complain that plaintiff's strict liability claim is barred by the economic loss doctrine, whether one follows Washington or Kansas applicable law. As indicated in the prefatory remarks, this plaintiff is well aware of the economic loss doctrine, and has raised this as an alternative theory depending on the outcome of discovery. Therefore, the plaintiff raises the strict liability theory to preserve the claim as it may be properly raised at the conclusion of discovery in this matter.

## V. BREACH OF WARRANTY

Defendants contend a Motion to Dismiss is proper because implied and express warranty claims fail because there is no privity between the plaintiff and the defendants.

In regard to express and/or implied warranties, pursuant to Washington statutes, the product manufacturer is subject to strict liability to a claimant "…if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under title 62 A. RCW et. seq." **See** 7.72.030 (2) RCW.[1]  The proposition is that there need only be privity between the buyer

---

[1] (2) A product manufacturer is subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW.

(a) A product is not reasonably safe in construction if, when the product left the control of the manufacturer, the product deviated in some material way from the design specifications or performance standards of the manufacturer, or deviated in some material way from otherwise identical units of the same product line.

(b) A product does not conform to the express warranty of the manufacturer if it is made part of the basis of the bargain and relates to a material fact or facts concerning the product and the express warranty proved to be untrue.

(c) Whether or not a product conforms to an implied warranty created under Title 62A RCW shall be determined under that title.

and seller to maintain an action against the manufacturer.  **See** *Thongchoom v. Graco Children's Products, Inc.* 117 Wash.App. 299, 71 P.3d 214.

Washington deals with the privity issue to the extent that there is privity between the buyer and the seller, which there is in this case, i.e. K.R. Smith purchased from the seller (Western Peterbilt) the tractor in question.  In that situation even strict liability is recognized against the manufacturer for any breach of express or implied warranties, as well as breach of express and implied warranties.  This is pursuant to RCW 7.72.030 (2). This is further discussed in *Thongchoom v. Graco Children's Products, Inc.*  The Court in this case was dealing with the design defect and found against the plaintiffs, but clearly recognized, as stated above, that "A product manufacturer is subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction, or not reasonably safe because it did not conform to the manufacturer's express warranty, or the implied warranties under title 62 A. RCW." The situation exists in this circumstance since the tractor did not reasonably conform for its intended use of driving down the highway pulling a trailer, but rather, when being driven down the highway, caught on fire.  These case facts constitute a breach of implied warranties, as well as, breach of general express warranties by PACCAR and Peterbilt concerning their tractors.  Defendants certainly never advertised or represented their tractors pull trailers down the highway, and then drivers can expect them to catch on fire.

## VI. CONCLUSION

The plaintiff advances the proposition of case law and facts supporting entitlement to advance a claim for loss to the tractor as alleged pursuant to Washington law.  Further, Washington law is applicable pursuant to where the contract arose.  The

statutory language concerning breach of warranty, and the Washington Consumer Protection Act allow the causes of action the plaintiff has pled. The "economic loss doctrine" advances the proposition, at least in part, that one is to proceed in contract for these damages, as opposed to proceeding as a tort claim. Thus, plaintiff has framed the Complaint in the fashion believed to be required by applicable laws relating to this case, and feels it should be allowed to proceed with discovery to prove its claims.

Respectfully submitted,

LAW OFFICES OF ELDON L. BOISSEAU, L.L.C.

By:_____s/Eldon L. Boisseau_____
Eldon L. Boisseau, SC #08022
Attorney for Plaintiff K R Smith Trucking LLC
River Park Place
727 N. Waco, Ste. 265
Wichita, KS  67203
(316) 613-2800 Telephone
(316) 613-2801 Facsimile
Email:  Eldon@boisseau.com

## CERTIFICATE OF SERVICE

I do hereby certify on this _9th_ day of January, 2009, the above and foregoing was electronically filed with the Clerk of the United States District Court with copies to counsel of record:

Amy Decker
Matthew K. Holcomb
Hinkle Elkouri Law Firm L.L.C.
8621 E. 21st St. N., Suite 200
Wichita, KS  67206
e-mail:  adecker@hinklaw.com
e-mail; mholcomb@hinklaw.com
Attorneys for Defendants Paccar Inc and Peterbilt Motors Company

Patrick S. Murphy
WALLACE, SAUNDERS, AUSTIN, BROWN & ENOCHS, Chartered

400 O.W. Garvey Bldg, 200 W. Douglas
Wichita, KS 67202
e-mail: pmurphy@wsabe.com
Attorney for defendant Western Peterbilt, Inc.


LAW OFFICES OF ELDON L. BOISSEAU, L.L.C.

By:＿＿＿＿＿＿s/Eldon L. Boisseau＿＿＿＿＿＿
        Eldon L. Boisseau, SC #08022
        Attorney for Plaintiff K R Smith Trucking LLC
        River Park Place
        727 N. Waco, Ste. 265
        Wichita, KS  67203
        (316) 613-2800 Telephone
        (316) 613-2801 Facsimile
        Email:  Eldon@boisseau.com