IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| K R SMITH TRUCKING LLC, )<br>)<br>   Plaintiff, )<br>vs. )<br>)<br>PACCAR Inc, and PETERBILT MOTORS )<br>COMPANY, a division of PACCAR, Inc, )<br>and WESTERN PETERBILT, INC. )<br>)<br>   Defendants. ) | Case No. 8-CV-01351-WEB-DWB |

**PACCAR INC AND PETERBILT MOTORS COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

  COME NOW PACCAR Inc ("PACCAR") and Peterbilt Motors Company ("Peterbilt") (collectively "Defendants") by and through their undersigned counsel, and file their Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint"), and in support thereof allege and state as follows:

### <u>COUNT I</u>

### <u>JURISDICTION AND VENUE</u>

  1.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore deny the same.

  2.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the preamble to paragraph 2 of Plaintiff's Complaint and therefore deny the same.

  2.(a.)  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2.(a.) of Plaintiff's Complaint and therefore deny the same.

2.(b.) Defendants admit the allegations contained in Paragraph 2.(b.) of Plaintiff's Complaint.

2.(c.) Responding to the allegations contained in paragraph 2.(c.) of Plaintiff's Complaint, Defendants admit that Peterbilt Motors Company is a wholly owned, unincorporated subsidiary of PACCAR Inc; admit that Peterbilt Motors Company manufactures trucks; admit that Peterbilt Motors Company's headquarters is located at 1700 Woodbrook Street, Denton, Texas, 76205; and admit that Peterbilt Motors Company can be served with process through its registered agent The Corporation Service Company, 6500 Harbor Heights Parkway, Suite 400, Mukilteo, Washington 98275.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.(c.) of Plaintiff's Complaint and therefore deny the same.

2.(d.) Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2.(d.) of Plaintiff's Complaint and therefore deny the same.

2.(e.) Defendants admit that Plaintiff seeks in excess of $75,000.

3. Paragraph 3 contains a legal conclusion to which no response is required.  To the extent Paragraph 3 contains factual allegations, they are denied.

## COUNT II

### GENERAL ALLEGATIONS

4. Responding to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 3 as if fully set forth herein.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore deny

the same.

7. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore deny the same.

## **COUNT III**

### FIRST CAUSE OF ACTION
### VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

8. Responding to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 7 as if fully set forth herein.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent Paragraph 9 contains factual allegations, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

10. Paragraph 10 contains a legal conclusion to which no response is required.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent Paragraph 11 contains factual allegations, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

12. Responding to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendants deny the same.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent Paragraph 13 contains factual allegations, Defendants deny the same.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent Paragraph 14 contains factual allegations, Defendants deny the same.

15. Responding to the allegations contained in paragraph 15 of Plaintiff's Complaint,

Defendants deny the same.

The allegations contained in the "WHEREFORE" paragraph of Plaintiff's Complaint are legal prayers that require no response by Defendants.  To the extent the paragraph contains factual allegations, they are denied.  To the extent the paragraph requires a responsive prayer, Defendants pray that Plaintiff take nothing against them, that this action be dismissed, or that judgment be entered in favor of Defendants on each and every cause of action alleged, and that Defendants be awarded their costs and expenses incurred herein, and for such other relief as the Court deems just and equitable.

## COUNT IV

### SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND OF FITNESS FOR A PARTICULAR PURPOSE

This Court dismissed Plaintiff's second cause of action for breach of implied warranties of merchantability and of fitness for a particular purpose.  (Dkt. 21 at 11 ("defendants' motion to dismiss on implied warranty is therefore granted")).  Therefore, no response to paragraphs 16 through 25, inclusive of the "WHEREFORE" paragraph, is required.  To the extent a responses are required, the allegations contained therein are denied.

## COUNT V

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTIES BY AFFIRMATION, PROMISE, DESCRIPTION OR SAMPLE

26.     Responding to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.

27.      Responding to the allegations contained in paragraph 27 of Plaintiff's Complaint, Defendants deny the same.

28.     Responding to the allegations contained in paragraph 28 of Plaintiff's Complaint,

Defendants deny the same.

29. Responding to the allegations contained in paragraph 29 of Plaintiff's Complaint, Defendants deny the same.

The allegations contained in the "WHEREFORE" paragraph of Plaintiff's Complaint are legal prayers that require no response by Defendants. To the extent the paragraph contains factual allegations, they are denied. To the extent the paragraph requires a responsive prayer, Defendants pray that Plaintiff take nothing against them, that this action be dismissed, or that judgment be entered in favor of Defendants on each and every cause of action alleged, and that Defendants be awarded their costs and expenses incurred herein, and for such other relief as the Court deems just and equitable.

## COUNT VI

### FOURTH CAUSE OF ACTION
### STRICT LIABILITY

This Court dismissed Plaintiff's fourth cause of action based on strict liability. (Dkt. 21 at 13 ("defendants' motion to dismiss the strict liability claim is granted"). Therefore, no response to paragraphs 29 through 38, inclusive of the "WHEREFORE" paragraph, is required. To the extent responses are required, the allegations contained therein are denied.

30. Defendants' deny all allegations in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendants upon which relief may be granted by the Court.

2. Plaintiff's damages, if any, were solely or partly the proximate result of its own negligence and/or contributory negligence.

3. No act or omission of Defendants was the proximate cause of Plaintiff's alleged damages.

4. Plaintiff's damages, if any, were solely or partly the result of acts or omissions on the part of persons or entities other than Defendants, who were not under the control of Defendants.

5. Plaintiff's damages, if any, were the direct and proximate result of misuse or abuse of the product in question.

6. Plaintiff's claims may be barred in whole or in part to the extent that it is determined the product at issue may have been materially changed or altered after leaving the manufacturer's possession.

7. Based on information and belief, the subject product has been inspected and tested prior to Plaintiff's lawsuit being filed against Defendants. Consequently, the product is not in the same condition presently as it was at the time of the incident. Any spoliation of relevant evidence may entitle Defendants to a dismissal of Plaintiff's claims, a presumption or inference that any such evidence would not have been favorable to Plaintiff's claims, and Plaintiff should be precluded from offering testimony concerning all evidence not properly preserved.

8. Plaintiff's claims may be barred, in whole or in part, by its assumption of risk of utilizing the subject product contrary to the warnings and instructions provided with and/or on the subject product.

9. The product at issue was subjected to abnormal and/or unintended use that was unreasonable and not foreseeable by Defendants and for which Defendants are not liable.

10. If Plaintiff contends that the subject product was defective because of inadequate design or construction, Defendants are not liable because the plan or design for the subject product, or the methods and techniques of manufacturing, inspecting, testing, and labeling the product, conformed with the state of the art at the time the product was first sold by Defendants.

11. Plaintiff's claims are barred, in whole or in part, because the product at issue herein, at all times material hereto, conformed with applicable standards and specifications, as well as available technological, scientific, and industrial state of the art applicable to such products.

12. At all times and in all ways pertinent to the subject matter of this lawsuit, Defendants conducted their affairs in a safe and lawful manner, adhering to state and federal guidelines, laws and regulations, industry standards, rules and regulations, manufacturer's instructions, warnings, labels, and accepted practices in their industry, both locally and nationally, and Defendants were free from fault, negligence, gross negligence, strict liability, or any other culpable conduct.

13. Plaintiff's claims are barred by lack of consideration; accord and satisfaction; the statute of frauds; and/or the statute of limitations.

14. Defendants have stated only those defenses that are applicable to Plaintiff's claims as pled in the Complaint, and only those that are known or anticipated at the time of this Answer. Should investigation and discovery reveal additional claims, and/or the basis for additional defenses, Defendants reserve their right to amend this Answer and to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request:

(1) that the Court order that Plaintiff take nothing by its pretended claims against Defendants;

(2) that the Court dismiss Defendants from this action;

(3) that Defendants be awarded their reasonable costs and fees incurred herein; and

(4) that Defendants be awarded such further relief as they may show themselves to be justly entitled.

Dated: November 6, 2009.

Respectfully submitted,

HINKLE ELKOURI LAW FIRM L.L.C.

By:    s/ Amy M. Decker
       Kenneth R. Lang (13060)
       Amy M. Decker (18739)
       Matthew K. Holcomb (23140)
       8621 E. 21st Street North, Suite 200
       Wichita, Kansas 67206-2991
       Ph: (316) 631-3125
       Fax: (316) 630-8375
       klang@hinklaw.com
       adecker@hinklaw.com
       mholcomb@hinklaw.com

## **DEMAND FOR JURY TRIAL**

Defendants hereby request a trial by jury on all issues so triable.

Dated: November 6, 2009.

                Respectfully submitted,

                HINKLE ELKOURI LAW FIRM L.L.C.

                By:    s/ Amy M. Decker
                        Kenneth R. Lang (13060)
                        Amy M. Decker (18739)
                        Matthew K. Holcomb (23140)
                        8621 E. 21st Street North, Suite 200
                        Wichita, Kansas 67206-2991
                        Ph: (316) 631-3125
                        Fax: (316) 630-8375
                        klang@hinklaw.com
                        adecker@hinklaw.com
                        mholcomb@hinklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Eldon L. Boisseau, Law Offices of Eldon L. Boisseau, L.L.C., River Park Place, 727 N. Waco, Suite 265, Wichita, Kansas 67203 and Patrick Murphy, Wallace, Saunders, Austin, Brown & Enochs, Chartered, 400 O.W. Garvey Center, 200 W. Douglas, Wichita, Kansas 67202.

By:   s/ Amy M. Decker
Kenneth R. Lang (13060)
Amy M. Decker (18739)
Matthew K. Holcomb (23140)
HINKLE ELKOURI LAW FIRM L.L.C.
8621 E. 21st Street North, Suite 200
Wichita, Kansas 67206-2991
Ph: (316) 631-3125
Fax: (316) 630-8375
klang@hinklaw.com
adecker@hinklaw.com
mholcomb@hinklaw.com

472936v2