IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| K R SMITH TRUCKING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 8-CV-01351-WEB-DWB |
| | ) | |
| PACCAR Inc and PETERBILT MOTORS | ) | |
| COMPANY, a division of PACCAR, Inc, | ) | |
| and Western Peterbilt, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM IN SUPPORT OF PACCAR INC AND PETERBILT MOTOR COMPANY'S MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION</u>

Pursuant to D. Kan. Rule 7.1(a), Defendants PACCAR Inc and Peterbilt Motors Company file this Memorandum in support of their Motion for Protective Order Regarding Confidential Information.  As stated in their Motion, Plaintiff's breach of express warranty and Washington Consumer Protection Act claims will involve discovery of confidential/trade secret information from Defendants related to the Peterbilt truck at issue.   In fact, Plaintiff's first request for production seeks confidential design drawings/schematics that contain trade secret information from Defendants.  <u>See</u> <u>Exhibit B</u> attached to Defendants' Motion.  Defendants seek a Protective Order that prohibits the disclosure of their confidential/trade secret documents produced in this litigation.

**I.      Good Cause Exists for the Issuance of a Protective Order.**

For good cause, the Federal Rules of Civil Procedure allow for the issuance of a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).

As the parties seeking the Protective Order, Defendants bear the burden to establish that the information sought falls within the purview of Rule 26(c)(1)(G).   Sprint Communs. Co. v. Big River Telephone Co., No. 08-2046-JWL, 2008 WL 4401690, at *2 (D.Kan. Sept. 16, 2008). Then, they must demonstrate that the disclosure of such information might be harmful. Id.

To meet their initial burden, Defendants direct the Court to Plaintiff's first request for production, which seeks "all wiring schematic drawings for the plaintiff's truck."   Such information is indeed trade secret and commercial information.   Furthermore, the public dissemination of such information might harm Defendants' competitive advantage in the relevant market place. Id.

Defendants do not seek to altogether prevent Plaintiff from obtaining this trade secret/confidential information.  They merely seek a protective order that prohibits Plaintiff (and its counsel) from utilizing the confidential information disclosed in this litigation for other purposes not related to this case.  To that end, Defendants' counsel presented to Plaintiff's counsel and co-defendant's counsel a proposed Protective Order (see Exhibit A to Defendants' Motion), which is narrowly tailored to include information disclosed in this case constituting trade secret/confidential information.  Co-defendant's counsel agreed to the proposed Protective Order, but Plaintiff's counsel opposed it.

Defendants have met their burden to establish the need for the requested Protective Order, given the nature of Plaintiff's remaining claims and the discovery to be conducted in this case. Consequently, Defendants' Motion for Protective Order Regarding Confidential Information should be granted.

## II.   Defendants Should Be Awarded their Expenses Incurred in Bringing this Motion.

Fed. R. Civ. P. 37(a)(5) applies to the awarding of expenses incurred in bringing a motion pursuant to Fed. R. Civ. P. 26(c)(1).  Fed. R. Civ. P. 26(c)(3).  Specifically, Rule 37(a)(5)(A)

states, "If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  None of the exceptions for awarding expenses are applicable. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  Accordingly, Defendants should be awarded their reasonable expenses in bringing their Motion.

**III.    Conclusion.**

For the reasons stated herein, Defendants respectfully request that their Motion be granted and that the Court enter a protective order concerning confidential information pursuant to Fed. R. Civ. P. 26(c)(1)(G), that Defendants be awarded their reasonable expenses incurred in filing this Motion, and for such other relief as this Court deems appropriate.


Dated:  December 21, 2009

                              Respectfully submitted,

                              HINKLE ELKOURI LAW FIRM L.L.C.

                              By:  _____s/Amy M. Decker_____
                                  Kenneth R. Lang (13060)
                                  Amy M. Decker (18739)
                                  Matthew K. Holcomb (23140)
                                  8621 E. 21st Street North, Suite 200
                                  Wichita, Kansas 67206-2991
                                  Ph: (316) 631-3125
                                  Fax: (316) 630-8375
                                  klang@hinklaw.com
                                  adecker@hinklaw.com
                                  mholcomb@hinklaw.com
                                  *Attorneys for Defendants PACCAR Inc and*
                                  *Peterbilt Motors Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Eldon L. Boisseau
Law Offices of Eldon L. Boisseau, L.L.C.
River Park Place
727 N. Waco, Suite 265
Wichita, KS 67203
*Attorneys for Plaintiff*

Patrick J. Murphy
Wallace, Saunders, Austin, Brown & Enochs, Chartered
400 O.W. Garvey Center, 200 West Douglas
Wichita, KS 67202
*Attorneys for Defendant Western Peterbilt, Inc.*

s/Amy M. Decker
Amy M. Decker

490599