IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| K R SMITH TRUCKING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-1351-WEB-DWB |
| | ) |
| PACCAR INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is a motion filed by Defendants Paccar Inc and Peterbilt Motor Company ("Defendants") for a Protective Order to restrict the use of documents they seek to designate as confidential trade secrets in this case, including, but not limited to, wiring schematics requested by Plaintiff. (Doc. 34.) Plaintiff filed its response in opposition (Doc. 37) and Defendants have replied (Doc. 39). After reviewing the submissions of the parties, the Court is prepared to rule on Defendants' motion.

## BACKGROUND

Plaintiffs filed the present action on November 7, 2008, alleging violations of the Washington Consumer Protection Act, breach of implied and express

1

warranties, and strict liability resulting from damage sustained during a truck fire that occurred on September 18, 2007. (Doc. 1.) An Amended Complaint was filed on December 10, 2008. (Doc. 10.) Defendants, including Defendant Western Peterbilt, Inc., filed Motions to Dismiss (Docs. 12, 17), which were granted in part and denied in part by the District Court on October 23, 2009. (Doc. 21.) Defendants filed their Answers on November 6, 2009, generally denying Plaintiff's allegations. (Docs. 23, 24.)

The Court conducted a standard scheduling conference on December 1, 2009, resulting in the entry of the Court's Scheduling Order. (Doc. 27.) That Order did not mandate a Protective Order in this case, but rather stated that

> [d]iscovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by December 21, 2009. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website, http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf). At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by

      December 21, 2009.

(*Id.*, at 5-6.)

      Plaintiff served a single Request for Production of Documents to Defendants on December 10, 2009, seeking "all wiring schematic drawings for the plaintiff's truck 2005 Model 379 Peterbilt Truck (VIN Number 1SP5DB9X05D841577)." (Doc. 34-2, at 1.)  In response, Defendants filed the present motion, by the Court's deadline, seeking a protective order prohibiting "the disclosure of their confidential/trade secret documents produced in this litigation."  (Doc. 35, at 1.) Defendants have submitted a proposed Agreed Protective Order to the Court as an exhibit to their motion.  (Doc. 34-1.)

      Defendants contend the documents at issue, which are responsive to Plaintiff's request for production seeking "all wiring schematic drawings for the plaintiff's truck," are "trade secret and commercial information."  (Doc. 35, at 2.) Defendants further contend that they are not seeking to "altogether prevent Plaintiff from obtaining this trade secret/confidential information," but rather "merely seek a protective order that prohibits Plaintiff (and its counsel) from utilizing the confidential information disclosed in this litigation for other purposes not related to this case."  (*Id.*)

      Plaintiff responds that Defendants have not met their burden of proof as the

information at issue is "open and notorious to the public if one takes the time to trace" the wiring on the vehicle model in question.  (Doc. 37, at 2.)[1]  Thus, the issue before the Court is whether the document(s) at issue should be considered trade secrets or other confidential commercial information and, if so, whether there is good cause to issue a protective order governing use of those documents.

## DISCUSSION

Fed.R.Civ.P. 26(c) provides that a party from whom discovery is sought may move for a protective order" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . " One of the stated bases for a protective order is to require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed.R.Civ.P. 26(c)(1)(G).  The Tenth Circuit has long held that there is no absolute privilege for trade secrets and other similar confidential information.  ***Centurion Indus., Inc. v. Warren Steurer & Assocs.,*** 665 F.2d 323, 325 (10th Cir. 1981).  *See also*, ***In re Cooper Tire & Rubber Co.,*** 568 F.3d 1180, 1189 (10th Cir. 2009).   These Tenth Circuit cases have established the procedure for dealing with trade secret claims during discovery.  In order to

---

[1] Defendants dispute this statement (Doc. 39, at 2), but neither party has submitted affidavits or sworn statements to support their version of the alleged facts concerning the availability or non-availability of the wiring information at issue.

prevent disclosure, a party seeking a protective order must first establish that the information sought is a trade secret, and then demonstrate that its disclosure might be harmful. If the party seeking a protective order makes such a showing, then the burden shifts to the party seeking discovery to establish that the disclosure of the trade secret is relevant and necessary to the action. If the party seeking discovery meets that burden, then trade secrets should be disclosed unless they are privileged or production would be unreasonable, oppressive, annoying or embarrassing.

A.   The Trade Secret Issue.

Plaintiff disputes whether the requested wiring information constitutes a trade secret or other confidential information, contending that a vehicle of the same model "can easily be used to trace the wiring and recreate a diagram." (Doc. 37, at 2.) It also argues that the diagram at issue "is part of a repair manual available to every truck repair garage or dealer repair shop in the country." (*Id*.) Finally, Plaintiff contends the diagrams are available for purchase on the internet. (*Id*.)

While Defendants reply that "[s]uch information . . . is not available to the multitude of third parties listed in Plaintiff's response," (Doc. 39, at 2), Defendants do not so much as address whether the information is available for sale on the internet, nor do they discuss the ability of properly trained individuals to trace the

wiring from an existing vehicle.[2]  Furthermore, as noted above, *supra* n. 1, neither party has provided any evidence to support the factual assertions of counsel. Considering that the subject information is related to a truck that is now five years old, and without any more detailed information as to the confidential nature of the information requested, the Court questions whether Defendants have met their burden of proving that the information falls within the definition of a trade secret or other confidential commercial information.

B.   The Good Cause Issue.

Even assuming, *arguendo*, that the wiring information sought is a trade secret or other confidential commercial information, "the party seeking a protective order has the burden to demonstrate good cause." **Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.**, 209 F.R.D. 208, 214 (D. Kan. 2002) (citation omitted).  In determining whether good cause exists to issue a protective order that prohibits disclosure of documents or other materials, "the initial inquiry is whether the

---

[2] Instead, Defendants simply state that "if such were true, Defendants question their need to provide information that, as characterized by Plaintiff, is equally available to both parties." (*Id.*) Fed.R.Civ.P. 26(b)(2)(C) specifically states that a court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."  The two ways in which Plaintiff contends the information would be available to it – through tracing the wiring on a similar model or purchasing it on-line – do not appear to constitute "more convenient, less burdensome or less expensive" access to the requested information.

moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.'" ***Zapata v. IBP, Inc.,*** 160 F.R.D. 625, 627 (D. Kan. 1995) (quoting ***Koster v. Chase Manhattan Bank***, 93 F.R.D. 471, 480 (S.D.N.Y. 1982) (internal quotations omitted)).  The moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 2201, 68 L.Ed.2d 693 (1981) (quotation omitted).

As the party seeking to have these specific documents treated as confidential pursuant to a protective order, Defendants bear the burden of proving that unrestricted use of the requested wiring schematics will cause them a "clearly defined and very serious injury."  ***Zapata***, 160 F.R.D. at 627.  Defendants contend that the wiring schematics at issue are "trade secret and confidential information," the public dissemination of which "<u>might</u> harm Defendants' competitive advantage in the relevant marketplace."  (Doc. 35, at 2 (emphasis added).)  Defendants' reply continues that public dissemination of the information "has great potential to harm Defendants' competitive advantage in the relevant marketplace."

Defendants have not, however, presented any <u>evidence</u> to explain the nature of any potential unfair competitive advantage it alleges will occur, nor have they identified a "clearly defined and serious injury" that they could potentially suffer if

7

the information is not subject to a protective order.  *Zapata*, 160 F.R.D. at 627.

Mere conclusory statements by an attorney regarding the confidential nature of

documents and the potential harm that could occur from their disclosure are

insufficient to establish good cause for the entry of a protective order by the Court.

*Turick by Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 35 (S.D.N.Y.

1988); *see also* **Gulf Oil Co.,** 452 U.S. at 102 n. 16., 101 S. Ct. at 2201 (holding

that the defendant failed to satisfy its burden as it must make a "particular and

specific demonstration of fact, as distinguished from stereotyped and conclusory

statements").  Thus, Defendants have failed to satisfy their burden of showing good

cause for a protective order relating to the wiring schematics.[3]

Considering the above and forgoing, the Court finds that Defendants

have not demonstrated why these particular documents should be treated as

confidential trade secrets subject to a protective order.  Defendants' motion is,

therefore, **DENIED**.  Because the motion is denied, the Court also denies

Defendants' request for expenses incurred in bringing their motion.

---

[3] Because the Court concludes that Defendants have not met their burden of proving both a trade secret and good cause, i.e., a real harm to Defendant if there is no protective order in place as to the subject information, the Court does not need to reach the next step of whether Plaintiff could meet its burden of showing that the requested information is relevant and necessary in this case.  However, no one appears to question that the wiring information is relevant as to the possible cause of the fire which is the basis of Plaintiff's claims in this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order Regarding Confidential Information (Doc. 34) is **DENIED**.

Dated at Wichita, Kansas, on this 1st day of April, 2010.

                          s/ DONALD W. BOSTWICK
                          DONALD W. BOSTWICK
                          United States Magistrate Judge