# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| K R SMITH TRUCKING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-1351-WEB-DWB |
| | ) |
| PACCAR INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the Court is a motion filed by Defendants Paccar Inc and Peterbilt Motor Company ("Defendants") for an Order to amend the caption of this matter to identify as a party plaintiff Great West Casualty Company ("Great West"), which Defendants deem a "real party in interest." (Doc. 46.) Plaintiff filed its response in opposition (Doc. 48) and Defendants have replied (Doc. 52). After reviewing the submissions of the parties, the Court is prepared to rule on Defendants' motion.

## BACKGROUND

The factual and procedural background of this case was summarized in the Court's April 1, 2010, Order denying Defendants' motion for a protective order.

1

(Doc. 50.) That background is incorporated herein by reference. The case has been relatively uneventful since the entry of that Order, although the Court recently granted Plaintiff's unopposed motion for extension of time to complete discovery. (Doc. 66.) That Order (Doc. 67) extended discovery until September 10, 2010, set the Pretrial Conference for September 29, 2010, and set a dispositive motion deadline for October 22, 2010.

## **DISCUSSION**

Fed.R.Civ.P. 17(a)(1) states that "[a]n action must be prosecuted in the name of the real party in interest." Defendants bring the present motion requesting Great West, Plaintiff's insurer at the time of the incident at issue, be added to the case caption as a real party in interest. (Doc. 46.) Defendants contend that because a "large portion" of Plaintiff's calculated damages consists of moneys Great West paid to Plaintiff under the policy – thus allowing Great West to maintain "a substantive right under Kansas law to recover" amounts paid to Plaintiff – Great West must assert its rights against Defendants in the present action under its own name, rather than Plaintiff's. (Doc. 47, at 2.)

In support of this position, Defendants cite a Tenth Circuit case from 1950, which held that "where the owner has been reimbursed for only part of the loss and asserts a claim against the wrongdoer for the balance in excess of the amount paid,

2

both the insured and the insurer own portions of the substantive right against the wrongdoer and should appear in the litigation in their own names." *Gas Service Co. v. Hunt*, 183 F.2d 417, 419 (10th Cir. 1950). The *Hunt* court continued

> where the insurer has reimbursed the insured for part but not all of the loss of insured property by fire and the insured still asserts a claim against the wrongdoer for the loss in excess of the amount received from the insurer, the substantive rights of the parties are the same in the United States courts and in the courts of Kansas. The insurer as subrogee of the owner has the substantive right to recover from the wrongdoer up to the amount it has been obliged to pay under its policy, and the insured has the substantive right to recover for any excess in loss for which he has not been reimbursed. The difference lies in the fact that in the United States courts the insurer must assert the claim in its own name against the wrongdoer for the loss up to the amount paid under the policy, and the insured must assert the claim in his name for the loss in excess of the amount paid by the insurer, while in the state courts of Kansas the insured may maintain the action for the entire amount, holding as trustee for the insurer the amount recovered up to the amount received under the policy and holding for himself the amount recovered in excess thereof. The right of action against the wrongdoer is substantive. *Montgomery Ward & Co. v. Callahan*, 10 Cir., 127 F.2d 32. And in a case of this kind it is the same in the United States courts and in the state courts of Kansas. There is no conflict between the two jurisdictions. But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive. *Montgomery Ward & Co. v. Callahan*, *supra*.
>
> Whether the insured may maintain this action for the use and benefit of the insurers up to the amount paid

> under the policies or whether the insurers must assert in their own names the claim for such part of the loss is procedural rather than substantive. ***Montgomery Ward & Co. v. Callahan***, *supra*. And on removal of the case to the United States Court, the federal rules of civil procedure became applicable and controlling to all questions of procedure thereafter arising. ***Freeman v. Bee Machine Co.***, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; ***Texas Employers Insurance Association v. Felt***, 5 Cir., 150 F.2d 227, 160 A.L.R. 931. Plaintiffs having been reimbursed for only part of their loss, the insurance companies having become subrogated to the rights of plaintiffs against defendant only to the extent of the amount paid under their policies, and plaintiffs asserting a claim for loss in excess of the amount which they have received from the insurance companies, the motion for an order making the insurance companies parties to the action was well taken and should have been sustained. ***United States v. Aetna Casualty & Surety Co.***, *supra*.

*Id.*, at 419-420.

Plaintiff responds that "the wisdom of the [***Hunt***] decision has been questioned in subsequent cases," although it has not been reversed. (Doc. 48, at 2, citing ***Public Service Co. v. Black and Veatch***, 467 F.2d 1143 (10th Cir. 1972); ***Link Aviation, Inc. v. Downs***, 325 F.2d 613, 614 (D.C. Cir. 1963); ***Kansas Elec. Power Co. of Leavenworth, Kan. v. Janis***, 194 F.2d 942 (10th Cir. 1952).) Plaintiff also argues that

> Great West Casualty's right to subrogation is a substantive right that arises from the insurance contract between K.R. Smith and Great West Casualty. Under the

4

> terms of the insurance contract, Great West Casualty receives the right to recover against any third party for payments made by it to the insured. This is a contractual right of subrogation which defendants attempt to impair by requiring Great West Casualty to become a party to this lawsuit.

(*Id.*, at 4.)

Further, Plaintiff questions Defendants' motivation for having Plaintiff's insurer named as a party. (*Id.*) Plaintiff points out that the purpose of the motion is not to protect Defendants from duplicate claims because that "issue is controlled and resolved by the insurance contract and the fact the statute of limitations has already run against any further lawsuits." (*Id.*) Plaintiff opines that Defendants' "real motivation is to attempt to prejudice the jury by arguing it should not pay an insurance company for its legitimate losses." (*Id.*) Plaintiff further contends that even if Great West is added to the caption as a party, Defendants should be "prohibited from mentioning an insurance company is a party" as "[t]he insurance company has a contractual right to bring its claims in the name of the K.R. Smith and that right should be protected by this Court." (*Id.*, at 5.)

Defendants reply that Plaintiff has misinterpreted the relevant case law, arguing that the matter must be looked at both substantively (from Kansas law) and procedurally (from federal law). (Doc. 52, at 2-3.) They contend that "although state substantive law controls who or what possesses a substantive right to recover,

it is federal procedural law that mandates who or what is a real party in interest and thus required to be named as a party in the case caption." (*Id.*, at 3.) In regard to Plaintiff's "speculation" regarding Defendants' motives, Defendants reply that "Plaintiff's concerns are more properly the subject of a potential motion *in limine*, not the proper subject of Plaintiff's Response." (*Id.*)

Although Defendants object to Plaintiff's speculation, they have not advanced any other valid or substantive reason for naming Great Western other than to proclaim

> the law is the law and Fed. R. Civ. P. 17 requires that the real party in interest be named as a plaintiff regardless of whether Plaintiff likes the result or expresses displeasure with any reasonable inference a jury may have as to an insurance company seeking to recover from a third party money it was contractually obligated to pay out to Plaintiff.

(*Id.*) The Court agrees that ***Hunt*** remains good law. The Court does not agree, however, that ***Hunt*** mandates the ruling the Defendants request.

In ***Hunt***, the defendant moved for the plaintiff's insurer to be added as a party to the action. The Tenth Circuit reversed the District Court's denial of the defendant's motion, holding that:

> Plaintiffs having been reimbursed for only part of their loss, the insurance companies having become subrogated to the rights of plaintiffs against defendant only to the extent of the amount paid under their policies, and
6

> plaintiffs asserting a claim for loss in excess of the
> amount which they have received from the insurance
> companies, <u>the motion for an order making the insurance
> companies parties to the action</u> was well taken and
> should have been sustained.

183, F.2d 417, at 420 (emphasis added).  Defendants in the present matter simply request that the caption of this case be amended to identify Plaintiff's insurer, Great West, as a real party in interest pursuant to Fed. R. Civ. P. 17.  The Court does not agree that merely amending the caption is the proper procedure by which to add Great West as a "party" to this action.  If, as in ***Hunt***, defendant seeks to add Great West as a party in this case, it should move to join Great West pursuant to Fed. R. Civ. P. 19 or 20.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Amend the Caption to Identify Real Party in Interest Great West Casualty Company (Doc. 46) is **DENIED**.

Dated at Wichita, Kansas, on this 19th day of July, 2010.

                                             s/ DONALD W. BOSTWICK
                                             DONALD W. BOSTWICK
                                             United States Magistrate Judge