IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

K R SMITH TRUCKING LLC, )
         )
    Plaintiff,   )
vs.         )   Case No. 8-CV-01351-WEB-DWB
         )
PACCAR Inc, and PETERBILT MOTORS )
COMPANY, a division of PACCAR, Inc, )
and WESTERN PETERBILT, INC. )
         )
    Defendants.  )

**PLAINTIFF'S ANSWERS TO
DEFENDANT PACCAR INC'S AND PETERBILT MOTORS COMPANY'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

COMES NOW plaintiff, K R Smith Trucking LLC, and hereby answers Defendant Paccar Inc's and Peterbilt Motors Company's First Set of Interrogatories to Plaintiff.

DEFINITIONS

1. The term "person" refers to a natural person, corporation, partnership, joint venture, association, company, organization or any other entity, including also all forms of limited liability organizations.

2. The term "document" refers to any and all books, writings, letters, memoranda, e-mail, telegrams, handwritten notes, periodicals, pamphlets, manuals, photographs (including all negatives,) images, motion pictures, reports, records, studies, working papers, diaries, charts, drafts, contracts, papers, graphs, indices, data sheets, data processing files, tape recordings, computer recordings, electronic recordings, or any other writings or electronic records however produced or reproduced.

3. The term "You," "Your," "Yours," or "Plaintiff" refers to the Plaintiff in this lawsuit, K R Smith Trucking LLC, and if the interrogatory seeks information regarding



knowledge known by or documents in the possession or control of Plaintiff, it includes Plaintiff's agents, representatives, attorneys, or others acting on its behalf.

4.     The term "Defendants" means PACCAR Inc and Peterbilt Motors Company, and also their past or present officers, directors, employees, agents, attorneys, associates, or others acting on their behalf.

5.     The term "identity" or "identify," when used with respect to a natural person, requests the name of the person, present or last known address and telephone number of the person and the name and present or last known address of the person's employer.  When used with respect to a person other than a natural person, it requests the name, business address, and telephone number of the entity.

6.     The term "identity" or "identify," when used with respect to a document as defined above requests the title of the document, the identity of the author, the date of the document, any identifying number, the identity of each addressee, a brief description of its nature and contents, and the identity of its present custodian.

7.     The term "statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.     "Subject Truck" shall mean and refer to the 2005 Model 379 Peterbilt Truck (Serial Number 1XP5DB9X05D841577) at issue in this lawsuit and as described in paragraph 1 of Plaintiff's First Amended Complaint (hereinafter "Plaintiff's Complaint").

9.     "Subject Incident" shall mean and refer to the fire that allegedly occurred on September 18, 2007, as set forth and described in paragraph 7 of Plaintiff's Complaint.

**INTERROGATORIES**

2

## INTERROGATORY NO. 1:

Describe how the subject incident occurred.

## ANSWER:

**I was proceeding south on state route 75 south of Beto Junction in Kansas. I smelled diesel fuel and I looked on the pavement to see if there was any fuel spilled on the pavement in front of me, there is none that I can see. Then, I look at my fuel pressure gauge and it is going absolutely nuts. So, my pressure is going from zero...it is just going up and down the board, so I know I have a problem, and I yell at my pilot car which is escorting me. He is in front of me and I say find me a wide spot I have a major problem. He finds me a little rest area a quarter of a mile up the road or half a mile. I get off in the rest area and I pull up and stop, set my brakes, and the cab is filling with...at that time I believed was smoke, and later on reflection it was not smoke but diesel fuel. That is what it was; it was not smoke at that time. So, I grabbed my dog by the neck and pulled him out of the truck and I got out of the truck, and I walked twenty feet up in front of my truck and it burst into flames underneath the left side of the engine and around the starter area is where it ignited, and that is how I got out of the truck.**

## INTERROGATORY NO. 2:

Identify all persons who have or may claim to have any knowledge of the subject incident, and as to each such person, please state whether You may call that person as a witness at trial on Your behalf, and provide a summary of the knowledge those individuals possess with respect to the subject incident.

## ANSWER:

**Besides K.R. Smith, the pilot car driver also witnesses the incident. We will have to research to find his name and if he can be located.**

## INTERROGATORY NO. 3:

Identify all persons who have or may claim to have any knowledge relating to Plaintiff's claims in this case, including but not limited to Plaintiff's Washington Consumer Protection Act claim and Plaintiff's breach of express warranty claim, and as to each such person, please state whether You may call that person as a witness at trial on Your behalf, and provide a summary of

the knowledge those individuals possess with respect to the subject incident.

**ANSWER:**

**In addition to Mr. K.R. Smith, Shari M. Foeste, my wife and partner, have knowledge of these events.**

**INTERROGATORY NO. 4:**

Please state all facts in support of Your Washington Consumer Protection Act claim.

**ANSWER:**

**I went to Western Peterbilt dealership. They had the tractor in question for sale. I talked with a salesman there, Dan. He advised me this had been a truck used by Boeing , it had hauled light loads, it would be ideal for what I wanted it for, and it should last me a long time. He said it would be a couple of years without essentially any maintenance. It had very low mileage and looked like new and it had the transmission set up I needed for my hauling. As indicated, it had been used for aircraft hauling, which are usually light loads. It was represented to have no damage and to be in very good condition. It was represented as an almost new truck which had not been used hard.**

**They also arranged financing in the form of a lease purchase agreement at the business and they took off some of the parts from my old truck and put them in the new one over the course of two to three days.**

**INTERROGATORY NO. 5:**

Please state each and every alleged "representation" and/or "misrepresentation" by Defendants as set forth in paragraphs 12 through 15 of Plaintiff's Complaint, including but not limited to any and all advertisements, marketing, and/or solicitation by Defendants.

**ANSWER:**

4

As far as representations are concerned, in addition to the ones in Answer #4 above, the truck was represented to be a Peterbilt truck suitable for driving down the highway for hauling loads of goods and to pull semi trailers. It certainly was never represented that it would catch on fire while I was driving down the highway as it did in this matter. The truck was represented to be used in the way I was using it. It was represented to be able to do the work I needed the truck to do, and it was represented to be in good condition. It certainly was represented to not instantaneously and/or spontaneously catch on fire while I was driving it down the road.

Neither in Peterbilt advertising nor in representations by the dealer and salesperson did anyone offer any warnings or suggestions that this truck might at any point in time suddenly, and without warning, catch on fire while driving it in a normal fashion and using it in the normal way for the purpose for which it was intended to be used.

## INTERROGATORY NO. 6:

If You allege that Defendants failed to disclose a material fact, please state all such material facts and when such facts should have been communicated to You.

## ANSWER:

In addition to the Answers to Interrogatories 4 and 5, certainly neither Peterbilt, PACCAR nor Western Peterbilt advised me that this truck was defective, that there was a potential for it to catch on fire without warning as it did in this case with normal use. As to exactly when that should have been communicated I will leave to the Court to determine.

## INTERROGATORY NO. 7:

Please identify and/or state each and every alleged unfair or deceptive act or practice by Defendants as set forth in paragraph 13 of Plaintiff's Complaint.

ANSWER:

We generally object to this Interrogatory as it calls for legal conclusions on the part of a fact witness and the plaintiff in this matter.

From a factual standpoint the vehicle was manufactured, put on the road, and sold by Western Peterbilt when everyone knew or should have known that it was a dangerous and defective vehicle inasmuch as it would catch on fire instantaneously and without warning when being used in the ordinary fashion for which it was intended to be used.

INTERROGATORY NO. 8:

For each and every alleged unfair or deceptive act or practice identified in Your response to Interrogatory 7, identify each and every person that was deceived and/or mislead by the alleged unfair or deceptive act or practice.

ANSWER:

We object to this Interrogatory as it calls for legal conclusions.

All of the defendants named herein are who we believe were involved in deceiving and misleading.

INTERROGATORY NO. 9:

Please state all facts in support of Your breach of express warranty claim.

ANSWER:

Please see answers already given about for Interrogatories 4, 5, 6, 7 and 8.

**INTERROGATORY NO. 10:**

Please state whether You entered into a written contract for the purchase of the Subject Truck and, if so, identify all parties to the written contract for the purchase of the Subject Truck, e.g., the seller and the buyer.

**ANSWER:**

**The contract speaks for itself. I would add that I signed this document unknowingly that I agreed to supposedly waive some warranty or agreed that I could buy a truck which was defective and for which I should have been told or warned about by either Peterbilt, PACCAR or Western Peterbilt and/or all of them. As far as I was concerned I was signing documents for the purpose of financing and purchase of the truck and not to allow the manufacturer and/or the seller of the product to put into the stream of commerce a defective, and in fact dangerously defective vehicle.**

**INTERROGATORY NO. 11:**

Please state each and every statement of fact and/or promise made by Defendants to You regarding the Subject Truck, as alleged in paragraph 27 of Plaintiff's Complaint, and for each and every such alleged statement of fact and/or promise, please identify:

    a.    The exact words of each statement and/or promise, including but not limited to statements and/or promises contained in advertisements, marketing materials, and solicitations regarding the Subject Truck of which You were aware of prior to purchasing the Subject Truck;

    b.    The person who made and/or the method of communication for the statement and/or promise;

    c.    The person to whom the statement and/or promise was made;

d.      The time, date, and place the statement and/or promise was made; and

e.      All persons who were present at the time the statement and/or promise was made.

**ANSWER:**

**Please see answers to Interrogatories 4, 5, 6 and 7**

**d.      Conversations and representations occurred on or about the date of the contract, March 28, 2005, when the vehicle was sold to me.   There was approximately a 3 day period of time from the time I first began discussing the vehicle with "Dan" until I concluded the purchase with Alan, who was in charge of finance at Western Peterbilt.   There are ads concerning Peterbilt everywhere in all sorts of trade magazines, on road signs, and in newspapers that it is the best truck on the road and that it is the Cadillac of the trucking industry.**

**I would simply add to the previous answers that it was represented by the sales person that it was a good tractor to use on the road to do the job, and it should offer many miles of service.   More importantly, certainly no one ever, ever suggested, told or warned that driving down the road under the ordinary use of the truck it would suddenly catch on fire!**

**INTERROGATORY NO. 12:**

Please state each and every description of the Subject Truck made by Defendants that became a basis of the bargain for the Subject Truck, as alleged in paragraph 27 of Plaintiff's Complaint, and for each such description, please identify:

a.      The exact words or explanation of each description;

b.      The person who made and/or the method of communication for the description;

c.      The person to whom the description was made;

8

d.    The time, date, and place of the description; and

e.    All persons who were present at the time of the description.

**ANSWER:**

**Please refer to answers previously given. This Interrogatory seems to be repetitive of the answers I have already given concerning this matter, and object as repetitive.**

**INTERROGATORY NO. 13:**

Please identify each of Your employees, including but not limited to those employees responsible for operating and/or maintenance of the Subject Truck, from the date You purchased the Subject Truck through the date of the subject incident.

**ANSWER:**

**Please see Rule 26 Disclosures for repairs or work performed on said truck, and I have previously identified everyone who is involved in this matter.**

**INTERROGATORY NO. 14:**

Identify all maintenance and/or repairs performed on the Subject Truck from the date of Your purchase of the Subject Truck to the date of the subject incident.

**ANSWER:**

**Please see Rule 26 Disclosures and repair tickets on said truck.**

**INTERROGATORY NO. 15:**

Identify each and every person that performed any type of maintenance and/or repairs to the Subject Truck from the date of Your purchase of the Subject Truck to the date of the subject incident.

**ANSWER:**

**Please see Rule 26 Disclosures and repair tickets on said truck.**

**INTERROGATORY NO. 16:**

Identify any and all modifications that were made to the Subject Truck from the date of Your purchase of the Subject Truck to the date of the subject incident.

**ANSWER:**

**No modifications**

**INTERROGATORY NO. 17:**

With regard to the damages sought in this action, please itemize each individual element of damages claimed, how it was computed, and identify each person who has knowledge of the claimed damages.

**ANSWER:**

**We had personal damage done to the tractor as it was totally destroyed by fire. In addition, I lost the following property:**

| | |
|---|---|
| CB Radio - | $  500.00 |
| Garmin 7200 GPS | $1,500.00 |
| Cell phone | $  200.00 |
| AM Stereo with XM Satellite | $  200.00 |
| Clothing | $  800.00 |
| DVD/TV | $  600.00 |
| Toshiba Laptop | $  950.00 |
| Hewlett Packard Printer | $  260.00 |
| Cash in briefcase | $  900.00 |

10

| | |
|---|---|
| Additional cash in another Location in the truck | $ 200.00 |
| Tools | $1,000.00 |
| Browning 380 Automatic Pistol | $ 700.00 |
| Leather briefcase | $ 200.00 |
| Sears seat installed in truck | $1,000.00 |
| DVD's (Apprx. 100) | $1,500.00 |
| Food | $ 50.00 |
| Inverter voltage converter | $ 200.00 |
| Regular glasses | $ 200.00 |
| Sunglasses | $ 200.00 |
| Stainless steel coffee cup | $ 15.00 |

I do not have all the receipts for these items, but I had to replace all the items and that was the approximate value of the items at the time the fire occurred.

## INTERROGATORY NO. 18:

If You made a claim to any insurance company as a result of the subject incident, please identify the insurance company, state whether the insurance company conducted any type of investigation into the subject incident, and state if and how the claim was resolved.

## ANSWER:

As you well know since Peterbilt was present, there were inspections made by representatives of Peterbilt as well as anticipated expert witnesses in this case to determine the root cause of the fire in this matter. Your client should have photographs, materials and investigation. Great West Casualty was the insurer in this matter and paid $97,950.00.

for the property damage to the truck minus the $1,000.00 deductible, and, of course, the plaintiff in this case is the primary plaintiff and Great West Casualty has a subrogation interest in any recovery herein.

## INTERROGATORY NO. 19:

As to all testing and evaluations that have been conducted on the Subject Truck, please state all facts known to You concerning such testing and evaluations, identify all individuals who have knowledge of such testing and evaluations, and identify by specific, individual description all documents that mention, discuss, or relate to any such testing and evaluations.

## ANSWER:

This Interrogatory is the subject of expert testimony and will be produced pursuant to the Court's Scheduling Order.

## INTERROGATORY NO. 20:

Please identify every other occurrence, incident, or event involving the Subject Truck or any other model of Defendants' trucks that You claim is similar or substantially similar to the subject incident, identifying what You contend is similar about the incident and product involved.

## ANSWER:

You have all of the information concerning this inasmuch as representatives of your company were present and reviewed and examined the truck and tractor and all the damage to it. I, as the answering plaintiff in this matter, have no personal information in this matter. My lawyer may have some, and I understand that would be considered work product. However, it is well known now, after this incident, that I have learned that PACCAR has had several of these incidents occur and it is pretty well known in the

**trucking industry that this has gone on.**

## INTERROGATORY NO. 21:

For each occurrence, incident, or event identified in Your response to Interrogatory No. 21, please provide the following information:

    a.    Product involved, including (i) the model name and number; (ii) year of manufacture; and (iii) whether post-incident testing was conducted on the product and, if so, by whom, location of the testing, and describe the results; and

    b.    The date and location of the occurrence, incident, or event.

## ANSWER:

**I do not have any personal information about model names or numbers. My attorney may or may not have some, however, I understand that is work product, and, as I indicated before, I think it is pretty well known in the trucking industry that this type of incident has occurred on numerous occasions.**

Dated: December 14, 2009.

LAW OFFICES OF ELDON L. BOISSEAU, L.L.C.

By

Eldon L. Boisseau, SC #08022
Attorney for Plaintiff
River Park Place,
727 N. Waco, Ste. 265
Wichita, KS 67203
(316) 613-2800 Telephone
(316) 613-2801 Facsimile
Email: Eldon@boisseau.com

## VERIFICATION

STATE OF ~~OREGON~~ KANSAS ]

] SS.

COUNTY OF SEDGWICK ]

The. K.R. Smith representative of K R Smith Trucking LLC, the undersigned having reviewed the foregoing Defendant Paccar Inc's and Peterbilt Motors Company's First Set of Interrogatories to Plaintiff and answers thereto, believe such are true and correct to the best of my knowledge and belief based upon information presently known.

K.R. Smith

For K.R. Smith Trucking LLC

The foregoing answers to interrogatories were subscribed and sworn to before me this

4 day of Dec of December, 2009.

(SEAL)

KIMBERLY L. CLEMENT
Notary Public - State of Kansas
My Appt. Expires 8/25/2011

NOTARY PUBLIC

My Commission Expires:

8/25/2011